FILED
2016 May-17 AM 10:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **VINCENT EDWARD BURCH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 7:14-cv-01812-CLS-JEO** |
| ) | |
| **WARDEN WILLIE THOMAS, III,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on August 19, 2015, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted. (Doc. no. 17). Plaintiff filed objections to the report and recommendation on September 22, 2015. (Doc. no. 24).

In his objections, plaintiff merely restates his claims that defendant Steadman touched him inappropriately during a pat-down search and that the supervisory defendants failed to investigate plaintiff's complaints or discipline Steadman. (Doc. no. 24 at 1-2). The Eleventh Circuit Court of Appeals has recognized that only severe or repetitive sexual abuse of a prisoner by a prison official violates the Eighth Amendment. *Boxer X v. Harris*, 437 F3d 1107, 1111 (11th Cir. 2006). Plaintiff does

not address the magistrate judge's findings that an isolated episode of harassment and touching, such as the single event described by the plaintiff, fails to state a claim for relief under the Eighth Amendment. *See Washington v. Harris*, 186 F. App'x 865, 866 (11th Cir. 2006) (unpublished).

Moreover, plaintiff continues to make only conclusory and speculative claims that defendant Barnes has tampered with his mail. (Doc. no. 24 at 2). Plaintiff does not come forward with any factual support for his claims against Barnes and, therefore, fails to state a plausible claim against this defendant.[1]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be, and it hereby is, **ADOPTED,** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted, or seeking monetary relief from defendants who are immune.

A Final Judgment will be entered.

---

[1] Plaintiff alleges he did not receive the magistrate judge's Report and Recommendation for six days and claims this is "proof" that defendant Barnes has intercepted his mail. (Doc. no. 24 at 2-3). However, a six-day delay in prison mail in not uncommon and fails to show defendant Barnes has tampered with plaintiff's mail.

**DONE** this 16th day of May, 2016.

_____
United States District Judge